## No. 917
### OHIO FARMERS MILK ASSOC. v. RUF & SON
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5791. Decided May 25, 1925

587. GUARANTY—1. To be strictly construed and cannot be held to include things not covered by its terms by implication.

2. Where guaranty provides that Association would be liable for claims for hauling milk for its members; not liable when there is hauling for non-member.

VICKERY, J.

Karl Ruf & Son, a partnership, brought an action against Paul Breudigan, Konrad Lottbrein and the Ohio Farmers Co-operative Milk Association, in the Cleveland Municipal court, to recover $128. claimed to be due as cartage.

Ruf & Son are teaming contractors and made an agreement with Breudigan to deliver to him milk at 25 cents a can for the hauling. The amount due was not paid and when Lottbrien bought out Breudigan, Ruf & Son desired payment from him because of his promise to assume all the obligations due Ruf & Sons from Breudigan.

It was claimed that the Association by the terms of a guaranty in writing agreed to pay the cartage for all the milk delivered including that involved in this case. The court without intervention of a jury rendered a judgment in favor of Ruf & Sons. Error was prosecuted and it was claimed that the judgment is contrary to law and the weight of the evidence. The Court of Appeals held:

1. Even though Lottbrein, when he bought out Breudigan, assumed this obligation, there was no semblance of a novation and consequently Breudigan was still liable.

2. The suit against the Association was based upon a written contract of guaranty; but it only extended to hauling of milk by Ruf & Sons to members of the Association, and to no others.

3. The evidence in this case is uncontradicted that the bill for the draying in question accrued wholly for hauling milk for non-members, to Breudigan, and therefore is not covered by this guaranty.

4. A guaranty must be strictly construed and cannot be extended by implication to include things which are not covered by its terms.

5. It is argued that the Association paid certain claims to Ruf & Son. That is so because they were claims due Ruf & Sons for hauling milk for members of the Association. These were covered by the guarantyships, and were paid by the Association.

Judgment reversed and cause remanded.

Attorneys—Clark & Costello for Association; A. C. Hasse for Ruf & Son; all of Cleveland.